## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| NATALIE ANDERSON and ANDRE BISASOR,      Plaintiffs )<br><br>VS. )<br><br>TODISCO SERVICES, INC; PASQUALE TODISCO, III; MATTHEW MAZZARELLA; DON "DOE", BILLY "DOE", MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, DANIEL OLOHAN, ACADIA INSURANCE GROUP, BENNETT & BELFORT, and JITEN MANAGEMENT      Defendants ) | Civil Action No. 1:23-CV-11567 |

**ANSWER AND CLAIM OF JURY TRIAL OF THE DEFENDANTS,
MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN,
TO PLAINTIFFS' AMENDED COMPLAINT**

**I.**   **INTRODUCTION**

1.   To the extent any answer to paragraph one is needed, the Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN, deny the same.

**II.**   **PARTIES**

2.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 2 of the Plaintiffs' Amended Complaint.

3.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 3 of the Plaintiffs' Amended Complaint.

4.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 4 of the Plaintiffs' Amended Complaint.

5.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 5 of the Plaintiffs' Amended Complaint.

6.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 6 of the Plaintiffs' Amended Complaint.

7.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 7 of the Plaintiffs' Amended Complaint.

8.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN admit that Mapfre is a Massachusetts domestic corporation, organized under the laws of Massachusetts, with its principal office located at 211 Main Street, Webster, MA 01570, and that it also does business as Commerce Insurance Company.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the remainder of this paragraph.

9.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN denies the allegations contained in Paragraph 9 of the Plaintiffs' Amended Complaint.

10.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 10 of the Plaintiffs' Amended Complaint.

11.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 11 of the Plaintiffs' Amended Complaint.

12.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 12 of the Plaintiffs' Amended Complaint.

13.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 13 of the Plaintiffs' Amended Complaint.

14.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that this paragraph is no longer relevant as the matter is now pending in the Federal District Court.

### III.  FACTS

### Todisco (And Its Employees)

15.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 14 of the Plaintiff's Complaint as if fully set forth herein.

16.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 16 of the Plaintiffs' Amended Complaint.

17.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 17 of the Plaintiffs' Amended Complaint.

18.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 18 of the Plaintiffs' Amended Complaint.

19.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 19 of the Plaintiffs' Amended Complaint.

20.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 20 of the Plaintiffs' Amended Complaint.

21.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 21 of the Plaintiffs' Amended Complaint.

22.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 22 of the Plaintiffs' Amended Complaint.

23.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 23 of the Plaintiffs' Amended Complaint.

24.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 24 of the Plaintiffs' Amended Complaint.

25.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 25 of the Plaintiffs' Amended Complaint.

26.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 26 of the Plaintiffs' Amended Complaint.

27.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 27 of the Plaintiffs' Amended Complaint.

28.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 28 of the Plaintiffs' Amended Complaint.

29.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 29 of the Plaintiffs' Amended Complaint.

30.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 30 of the Plaintiffs' Amended Complaint.

31.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 31 of the Plaintiffs' Amended Complaint.

32.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 32 of the Plaintiffs' Amended Complaint.

33.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 33 of the Plaintiffs' Amended Complaint.

34.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 34 of the Plaintiffs' Amended Complaint.

35.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 35 of the Plaintiffs' Amended Complaint.

36.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 36 of the Plaintiffs' Amended Complaint.

37.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 37 of the Plaintiffs' Amended Complaint.

38.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 38 of the Plaintiffs' Amended Complaint.

39.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 39 of the Plaintiffs' Amended Complaint.

40.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 40 of the Plaintiffs' Amended Complaint.

41.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 41 of the Plaintiffs' Amended Complaint.

42.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 42 of the Plaintiffs' Amended Complaint.

43.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 43 of the Plaintiffs' Amended Complaint.

44.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 44 of the Plaintiffs' Amended Complaint.

45.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 45 of the Plaintiffs' Amended Complaint.

46.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 46 of the Plaintiffs' Amended Complaint.

47.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 47 of the Plaintiffs' Amended Complaint.

48.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 48 of the Plaintiffs' Amended Complaint.

49.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 49 of the Plaintiffs' Amended Complaint.

50.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 50 of the Plaintiffs' Amended Complaint relating to the conduct of Todisco and its employees, but admits that Mapfre did not have a policy of insurance with Todisco that would cover the Plaintiffs' alleged losses.

51.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 51 of the Plaintiffs' Amended Complaint.

52.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 52 of the Plaintiffs' Amended Complaint relating to the conduct of Todisco and its employees, but admits that Mapfre did not have a policy of insurance with Todisco that would cover the Plaintiffs' alleged losses.

53.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 53 of the Plaintiffs' Amended Complaint.

54.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 54 of the Plaintiffs' Amended Complaint.

55.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 55 of the Plaintiffs' Amended Complaint.

56.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 56 of the Plaintiffs' Amended Complaint.

57.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 57 of the Plaintiffs' Amended Complaint.

58.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 58 of the Plaintiffs' Amended Complaint.

59.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 59 of the Plaintiffs' Amended Complaint.

60.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 60 of the Plaintiffs' Amended Complaint.

61.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 61 of the Plaintiffs' Amended Complaint.

62.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 62 of the Plaintiffs' Amended Complaint.

63.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 63 of the Plaintiffs' Amended Complaint.

64.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 64 of the Plaintiffs' Amended Complaint relating to the conduct of Todisco and its employees, but admits that Mapfre denied the Plaintiffs' claim on the grounds that it did not have a policy of insurance with Todisco that would cover the Plaintiffs' alleged losses.

65.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 65 of the Plaintiffs' Amended Complaint relating to the conduct of Todisco and its employees, but admits that Mapfre did not have a policy of insurance with Todisco that would cover the Plaintiffs' alleged losses.

66.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 66 of the Plaintiffs' Amended Complaint.

67.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 67 of the Plaintiffs' Amended Complaint.

68.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 68 of the Plaintiffs' Amended Complaint.

69.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 69 of the Plaintiffs' Amended Complaint.

70.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 70 of the Plaintiffs' Amended Complaint.

71.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 71 of the Plaintiffs' Amended Complaint.

72.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 72 of the Plaintiffs' Amended Complaint.

73.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 73 of the Plaintiffs' Amended Complaint.

74.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 74 of the Plaintiffs' Amended Complaint.

75.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 75 of the Plaintiffs' Amended Complaint.

76.     The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 76 of the Plaintiffs' Amended Complaint.

77.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN denies allegations contained in Paragraph 77 of the Plaintiffs' Amended Complaint that Mapfre was being used by Todisco as part of any scheme, but admits Mapfre has no applicable policy with Todisco that would cover the Plaintiffs' alleged losses.

78.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 78 of the Plaintiffs' Amended Complaint.

79.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 79 of the Plaintiffs' Amended Complaint.

80.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN denies the allegations contained in Paragraph 80 of the Plaintiffs' Amended Complaint.

## **MAPFRE (And Its Employees)**

81.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 80 of the Plaintiff's Complaint as if fully set forth herein.

82.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN admits the allegations contained in Paragraph 82 of the Plaintiffs' Amended Complaint.

83.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 83 of the Plaintiffs' Amended Complaint..

84.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN admit the allegations contained in Paragraph 84 of the Plaintiffs' Amended Complaint.

85.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN admit the allegations contained in Paragraph 85 of the Plaintiffs' Amended Complaint.

86.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN denies the allegations contained in Paragraph 86 of the Plaintiffs' Amended Complaint.

87.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN denies the allegations contained in Paragraph 87 of the Plaintiffs' Amended Complaint.

88.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN denies the allegations contained in Paragraph 88 of the Plaintiffs' Amended Complaint.

89.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN denies the allegations contained in Paragraph 89 of the Plaintiffs' Amended Complaint.

90.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN denies the allegations contained in Paragraph 90 of the Plaintiffs' Amended Complaint.

91.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 91 of the Plaintiffs' Amended Complaint.

92.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 92 of the Plaintiffs' Amended Complaint.

93.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN denies the allegations contained in Paragraph 93 of the Plaintiffs' Amended Complaint

94.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN denies the allegations contained in Paragraph 94 of the Plaintiffs' Amended Complaint.

95.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN denies the allegations contained in Paragraph 95 of the Plaintiffs' Amended Complaint.

96.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 96 of the Plaintiffs' Amended Complaint.

97.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN denies the allegations contained in Paragraph 97 of the Plaintiffs' Amended Complaint.

98.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN admits as to the allegations contained in paragraph 98 of the Plaintiffs' Amended Complaint only that the Plaintiff Natalie Anderson sent a 93A demand letter to Mapfre, and that counsel for Mapfre responded to said letter indicating that because there was no applicable coverage for the Plaintiffs' alleged losses no offer would be made.

99.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN denies the allegations contained in Paragraph 99 of the Plaintiffs' Amended Complaint.

100.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN denies the allegations contained in Paragraph 100 of the Plaintiffs' Amended Complaint.

**Acadia Insurance Group**

101.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 100 of the Plaintiff's Complaint as if fully set forth herein.

102.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 102 of the Plaintiffs' Amended Complaint.

103.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 103 of the Plaintiffs' Amended Complaint.

104.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 104 of the Plaintiffs' Amended Complaint.

105.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 105 of the Plaintiffs' Amended Complaint..

106.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 106 of the Plaintiffs' Amended Complaint, but admits it was not the correct insurance provider.

107.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 107 of the Plaintiffs' Amended Complaint.

108.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 108 of the Plaintiffs' Amended Complaint, but admits it was not the correct insurance provider.

109.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 109 of the Plaintiffs' Amended Complaint.

110.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 110 of the Plaintiffs' Amended Complaint.

111.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 111 of the Plaintiffs' Amended Complaint.

112.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 112 of the Plaintiffs' Amended Complaint.

113.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 113 of the Plaintiffs' Amended Complaint.

114.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 114 of the Plaintiffs' Amended Complaint.

115.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 115 of the Plaintiffs' Amended Complaint.

**Jiten Management**

116.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 115 of the Plaintiff's Complaint as if fully set forth herein

117.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 117 of the Plaintiffs' Amended Complaint.

118.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 118 of the Plaintiffs' Amended Complaint.

119.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 119 of the Plaintiffs' Amended Complaint.

120.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 120 of the Plaintiffs' Amended Complaint.

121.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 121 of the Plaintiffs' Amended Complaint.

122.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 122 of the Plaintiffs' Amended Complaint.

123.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 123 of the Plaintiffs' Amended Complaint.

124.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 124 of the Plaintiffs' Amended Complaint.

125.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 125 of the Plaintiffs' Amended Complaint.

**Bennett & Belfor**

126.  The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 125 of the Plaintiff's Complaint as if fully set forth herein.

127.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 127 of the Plaintiffs' Amended Complaint.

128.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 128 of the Plaintiffs' Amended Complaint.

129.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 129 of the Plaintiffs' Amended Complaint.

130.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 130 of the Plaintiffs' Amended Complaint.

131.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 131 of the Plaintiffs' Amended Complaint.

132.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 132 of the Plaintiffs' Amended Complaint.

133.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 133 of the Plaintiffs' Amended Complaint.

134.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 134 of the Plaintiffs' Amended Complaint.

135.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 135 of the Plaintiffs' Amended Complaint.

136.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 136 of the Plaintiffs' Amended Complaint.

137.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 137 of the Plaintiffs' Amended Complaint.

IV.     **COUNTS/CLAIMS**

## COUNT 1 – NEGLIGENCE CLAIM
### (Todisco Services Inc., Pasquale Todisco, Matthew Mazzarella, Billy Doe, Don Doe, Jiten Management)

138.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 137 of the Plaintiff's Complaint as if fully set forth herein.

139-180. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN, file no answer to Count 1, Paragraphs 139 through 180 of Plaintiff's Complaint as, upon belief, Count 1 is not directed toward said Defendants and no allegations are made against said Defendants, and therefore no answer is required.  To the extent said allegations sound in negligence against MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN, Defendants deny.

## COUNT 2 – VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A – UNFAIR AND DECEPTIVE PRACTICES

### A.    Introduction

181.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 180 of the Plaintiff's Complaint as if fully set forth herein.

182.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 182 of the Plaintiffs' Amended Complaint.

183.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 183 of the Plaintiffs' Amended Complaint.

184.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN admit that they are engaged in trade/commerce, as defined by 93A, but state that they lack sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 184 of the Plaintiffs' Amended Complaint.

185.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 185 of the Plaintiffs' Amended Complaint that they engaged in unfair or deceptive acts against the Plaintiff.

186.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 186 of the Plaintiffs' Amended Complaint.

187.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 187 of the Plaintiffs' Amended Complaint.

## B.      Summary of the Law

188.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 187 of the Plaintiff's Complaint as if fully set forth herein.

189-208. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 189-208 of the Plaintiffs' Amended Complaint.

## C.      Breach of Duty of Care and Duty of Good Faith/Fair Dealing

209.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 208 of the Plaintiff's Complaint as if fully set forth herein.

210.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 210 of the Plaintiffs' Amended Complaint.

211.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 211 of the Plaintiffs' Amended Complaint.

212.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 212 of the Plaintiffs' Amended Complaint.

213.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 213 of the Plaintiffs' Amended Complaint.

214.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 214 of the Plaintiffs' Amended Complaint.

215.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 215 of the Plaintiffs' Amended Complaint.

216.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 216 of the Plaintiffs' Amended Complaint.

217.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 217 of the Plaintiffs' Amended Complaint.

218.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 218 of the Plaintiffs' Amended Complaint.

219.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 219 of the Plaintiffs' Amended Complaint.

220.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 220 of the Plaintiffs' Amended Complaint.

221.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 221 of the Plaintiffs' Amended Complaint.

222.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 222 of the Plaintiffs' Amended Complaint.

### D.    Undue & Unnecessary Delay by Todisco

223.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 222 of the Plaintiff's Complaint as if fully set forth herein

224.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 224 of the Plaintiffs' Amended Complaint.

225.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 225 of the Plaintiffs' Amended Complaint.

226.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 226 of the Plaintiffs' Amended Complaint.

227.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 227 of the Plaintiffs' Amended Complaint.

228.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 228 of the Plaintiffs' Amended Complaint.

229.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 229 of the Plaintiffs' Amended Complaint.

230.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL
OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in
Paragraph 230 of the Plaintiffs' Amended Complaint.

231.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL
OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in
Paragraph 231 of the Plaintiffs' Amended Complaint.

### E.   Misrepresentation & Deception by Todisco

232.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL
OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 231 of the Plaintiff's
Complaint as if fully set forth herein.

233.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL
OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in
Paragraph 233 of the Plaintiffs' Amended Complaint.

234.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL
OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in
Paragraph 234 of the Plaintiffs' Amended Complaint.

235.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL
OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in
Paragraph 235 of the Plaintiffs' Amended Complaint.

236.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL
OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in
Paragraph 236 of the Plaintiffs' Amended Complaint.

237.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL
OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in
Paragraph 237 of the Plaintiffs' Amended Complaint.

238.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL
OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in
Paragraph 238 of the Plaintiffs' Amended Complaint.

239.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL
OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in
Paragraph 239 of the Plaintiffs' Amended Complaint.

240.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL
OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in
Paragraph 240 of the Plaintiffs' Amended Complaint.

241.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL
OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in
Paragraph 241 of the Plaintiffs' Amended Complaint.

242.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 242 of the Plaintiffs' Amended Complaint, other than to admit that Mapfre did not have a policy of insurance with Todisco that covered any of the Plaintiffs' alleged losses.

243.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 243 of the Plaintiffs' Amended Complaint, other than to admit that Mapfre did not have a policy of insurance with Todisco that covered any of the Plaintiffs' alleged losses.

244.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 244 of the Plaintiffs' Amended Complaint, other than to admit that Mapfre did not have a policy of insurance with Todisco that covered any of the Plaintiffs' alleged losses.

### F.   Illegal Steering by Todisco

245.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 244 of the Plaintiff's Complaint as if fully set forth herein.

246.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 246 of the Plaintiffs' Amended Complaint.

247.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 247 of the Plaintiffs' Amended Complaint.

248.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 248 of the Plaintiffs' Amended Complaint.

249.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 249 of the Plaintiffs' Amended Complaint.

### G.   Refusal to Accept Repair Estimates and Refusal to Negotiate in Good Faith with Repair Shop of My Choice

250.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 249 of the Plaintiff's Complaint as if fully set forth herein.

251.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 251 of the Plaintiffs' Amended Complaint.

252.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 252 of the Plaintiffs' Amended Complaint.

253.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 253 of the Plaintiffs' Amended Complaint.

254.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 254 of the Plaintiffs' Amended Complaint.

255.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 255 of the Plaintiffs' Amended Complaint.

256.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 256 of the Plaintiffs' Amended Complaint.

### H.   Bad Faith Delay in Referral to Insurance Company/Bad Faith Referral to Non-Applicable Insurance Company

257.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 256 of the Plaintiff's Complaint as if fully set forth herein.

258.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN admit the allegations contained in Paragraph 258 of the Plaintiffs' Amended Complaint, as of the time of the Plaintiffs' alleged loss.

259.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 259 of the Plaintiffs' Amended Complaint, but admits that Mapfre did not have a policy of insurance with Todisco that would cover the Plaintiffs' alleged losses.

260.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 260 of the Plaintiffs' Amended Complaint.

261.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 261 of the Plaintiffs' Amended Complaint.

262.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 262 of the Plaintiffs' Amended Complaint.

263.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 263 of the Plaintiffs' Amended Complaint.

**I.      Todisco's Bad Faith 93A Response/Refusal to Settle**

264.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 263 of the Plaintiff's Complaint as if fully set forth herein.

265.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 265 of the Plaintiffs' Amended Complaint.

266.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 266 of the Plaintiffs' Amended Complaint.

267.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 267 of the Plaintiffs' Amended Complaint.

268.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 268 of the Plaintiffs' Amended Complaint.

269.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 269 of the Plaintiffs' Amended Complaint.

270.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 270 of the Plaintiffs' Amended Complaint.

271.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 271 of the Plaintiffs' Amended Complaint.

272.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 272 of the Plaintiffs' Amended Complaint.

273.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 273 of the Plaintiffs' Amended Complaint, other than to admit that Mapfre did not have any insurance coverage with Todisco that would cover the Plaintiffs' alleged losses, and that it denied the Plaintiffs' claim based on the same.

274.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 274 of the Plaintiffs' Amended Complaint, other than to admit that Mapfre did not have any insurance coverage with Todisco that would cover the Plaintiffs' alleged losses.

275.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 275 of the Plaintiffs' Amended Complaint.

276.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 276 of the Plaintiffs' Amended Complaint.

277.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 277 of the Plaintiffs' Amended Complaint.

278.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 278 of the Plaintiffs' Amended Complaint.

279.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 279 of the Plaintiffs' Amended Complaint.

280.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 280 of the Plaintiffs' Amended Complaint.

281.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 281 of the Plaintiffs' Amended Complaint.

282.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 282 of the Plaintiffs' Amended Complaint.

283.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 283 of the Plaintiffs' Amended Complaint.

284.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 284 of the Plaintiffs' Amended Complaint.

285.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 285 of the Plaintiffs' Amended Complaint.

### J.    Unfair & Deceptive Debt Collection by Todisco/Violation of FCDPA and Massachusetts Debt Collection Act

286.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 285 of the Plaintiff's Complaint as if fully set forth herein.

287.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 287 of the Plaintiffs' Amended Complaint.

288.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 288 of the Plaintiffs' Amended Complaint.

289.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 289 of the Plaintiffs' Amended Complaint.

290.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 290 of the Plaintiffs' Amended Complaint.

291.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 291 of the Plaintiffs' Amended Complaint.

292.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 292 of the Plaintiffs' Amended Complaint.

293.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 293 of the Plaintiffs' Amended Complaint.

### K.   Pattern of Racketeering Activity through Deceptive Schemes to Defraud Consumers

294.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 293 of the Plaintiff's Complaint as if fully set forth herein.

295-301.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 295-301 of the Plaintiffs' Amended Complaint.

302.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 302 of the Plaintiffs' Amended Complaint.

303.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 303 of the Plaintiffs' Amended Complaint.

304.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 304 of the Plaintiffs' Amended Complaint.

305.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 305 of the Plaintiffs' Amended Complaint.

## L.   Intentional Common Law Fraud

306.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 305 of the Plaintiff's Complaint as if fully set forth herein.

307.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 307 of the Plaintiffs' Amended Complaint.

308.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 308 of the Plaintiffs' Amended Complaint.

309.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 309 of the Plaintiffs' Amended Complaint.

310.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 310 of the Plaintiffs' Amended Complaint.

311.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 311 of the Plaintiffs' Amended Complaint.

312.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 312 of the Plaintiffs' Amended Complaint.

313.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 313 of the Plaintiffs' Amended Complaint.

314.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 314 of the Plaintiffs' Amended Complaint.

## M.   Hostile Treatment/Uncooperative Conduct as Arbitrary/Capricious Mistreatment

315.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 314 of the Plaintiff's Complaint as if fully set forth herein.

316.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 316 of the Plaintiffs' Amended Complaint.

317.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 317 of the Plaintiffs' Amended Complaint.

318.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 318 of the Plaintiffs' Amended Complaint.

319.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 319 of the Plaintiffs' Amended Complaint.

320.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 320 of the Plaintiffs' Amended Complaint.

321.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 321 of the Plaintiffs' Amended Complaint.

### N.    Violations of Massachusetts Law Governing Towing/Towing Operations

322.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 321 of the Plaintiff's Complaint as if fully set forth herein.

323.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 323 of the Plaintiffs' Amended Complaint.

324.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 324 of the Plaintiffs' Amended Complaint.

325.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 325 of the Plaintiffs' Amended Complaint.

### i.    Illegal Steering

326.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 325 of the Plaintiff's Complaint as if fully set forth herein.

327.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 327 of the Plaintiffs' Amended Complaint.

328. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 328 of the Plaintiffs' Amended Complaint.

329. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 329 of the Plaintiffs' Amended Complaint.

330. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 330 of the Plaintiffs' Amended Complaint.

331. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 331 of the Plaintiffs' Amended Complaint.

332. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 332 of the Plaintiffs' Amended Complaint.

333. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 333 of the Plaintiffs' Amended Complaint.

334. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 334 of the Plaintiffs' Amended Complaint.

335. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 335 of the Plaintiffs' Amended Complaint.

336. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 336 of the Plaintiffs' Amended Complaint.

337. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 337 of the Plaintiffs' Amended Complaint.

338. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 338 of the Plaintiffs' Amended Complaint.

339. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 339 of the Plaintiffs' Amended Complaint.

ii.      **Failure to Carry Required Insurance/Failure to Apply Required Insurance**

340.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 339 of the Plaintiff's Complaint as if fully set forth herein.

341.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 341 of the Plaintiffs' Amended Complaint.

342.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 342 of the Plaintiffs' Amended Complaint.

343.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 343 of the Plaintiffs' Amended Complaint.

344.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 344 of the Plaintiffs' Amended Complaint.

345.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 345 of the Plaintiffs' Amended Complaint.

346.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 346 of the Plaintiffs' Amended Complaint.

347.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 347 of the Plaintiffs' Amended Complaint.

348.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 348 of the Plaintiffs' Amended Complaint.

349.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 349 of the Plaintiffs' Amended Complaint.

iii.     **Failure to Comply with Massachusetts Towing Regulations Pertaining to Charging of Costs to the Consumer for Trespass Tows and the Proper Recording of Time on Tow Slips**

350.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 349 of the Plaintiff's Complaint as if fully set forth herein.

351.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 351 of the Plaintiffs' Amended Complaint.

352.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 352 of the Plaintiffs' Amended Complaint.

353.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 353 of the Plaintiffs' Amended Complaint.

354.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 354 of the Plaintiffs' Amended Complaint.

355.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 355 of the Plaintiffs' Amended Complaint.

356.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 356 of the Plaintiffs' Amended Complaint.

357.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 357 of the Plaintiffs' Amended Complaint.

358.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 358 of the Plaintiffs' Amended Complaint.

359.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 359 of the Plaintiffs' Amended Complaint.

## O.    Summary/Conclusion of this Section

360.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 359 of the Plaintiff's Complaint as if fully set forth herein.

361.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 361 of the Plaintiffs' Amended Complaint.

362.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 362 of the Plaintiffs' Amended Complaint.

363.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 363 of the Plaintiffs' Amended Complaint.

364.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 364 of the Plaintiffs' Amended Complaint.

365.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 365 of the Plaintiffs' Amended Complaint.

366.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 366 of the Plaintiffs' Amended Complaint.

367.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 367 of the Plaintiffs' Amended Complaint.

368.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 368 of the Plaintiffs' Amended Complaint.

## COUNT 4 – AIDING AND ABETTING 93A VIOLATION AND 93A VIOLATIONS
### (MAPFRE)

369.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 368 of the Plaintiff's Complaint as if fully set forth herein.

370.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 370 of the Plaintiffs' Amended Complaint.

371.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 371 of the Plaintiffs' Amended Complaint.

372.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 372 of the Plaintiffs' Amended Complaint.

373.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 373 of the Plaintiffs' Amended Complaint.

374.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 374 of the Plaintiffs' Amended Complaint.

375.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 375 of the Plaintiffs' Amended Complaint.

## <u>COUNT 5 – CIVIL CONSPIRACY</u>

376.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 375 of the Plaintiff's Complaint as if fully set forth herein.

377.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 377 of the Plaintiffs' Amended Complaint.

378.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 378 of the Plaintiffs' Amended Complaint.

379.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 379 of the Plaintiffs' Amended Complaint.

380.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 380 of the Plaintiffs' Amended Complaint.

381.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 381 of the Plaintiffs' Amended Complaint.

382.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 382 of the Plaintiffs' Amended Complaint.

383.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 383 of the Plaintiffs' Amended Complaint.

384.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 384 of the Plaintiffs' Amended Complaint.

385.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 385 of the Plaintiffs' Amended Complaint.

386.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 386 of the Plaintiffs' Amended Complaint.

387.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 387 of the Plaintiffs' Amended Complaint.

388.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 388 of the Plaintiffs' Amended Complaint.

## COUNT 6 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (as to all Defendants)

389.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 388 of the Plaintiff's Complaint as if fully set forth herein.

390.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 390 of the Plaintiffs' Amended Complaint.

391.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 391 of the Plaintiffs' Amended Complaint.

392.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 392 of the Plaintiffs' Amended Complaint.

393.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 393 of the Plaintiffs' Amended Complaint.

394.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 394 of the Plaintiffs' Amended Complaint.

395.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 395 of the Plaintiffs' Amended Complaint.

396.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 396 of the Plaintiffs' Amended Complaint.

397.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 397 of the Plaintiffs' Amended Complaint.

398.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 398 of the Plaintiffs' Amended Complaint.

399.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 399 of the Plaintiffs' Amended Complaint.

400.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 400 of the Plaintiffs' Amended Complaint.

401.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 401 of the Plaintiffs' Amended Complaint.

402.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 402 of the Plaintiffs' Amended Complaint.

403.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 403 of the Plaintiffs' Amended Complaint.

404.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 404 of the Plaintiffs' Amended Complaint.

405.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 405 of the Plaintiffs' Amended Complaint.

406.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 406 of the Plaintiffs' Amended Complaint.

407.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 407 of the Plaintiffs' Amended Complaint.

408.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 408 of the Plaintiffs' Amended Complaint.

409.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 409 of the Plaintiffs' Amended Complaint.

410.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 410 of the Plaintiffs' Amended Complaint, other than admitting that Mapfre had no policy of insurance that would cover the Plaintiffs' alleged losses.

411.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 411 of the Plaintiffs' Amended Complaint.

412.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 412 of the Plaintiffs' Amended Complaint.

## COUNT 7 – COMMON LAW FRAUD
### (Todisco, Pasquale Todisco, Don Doe Defendants)

413.    The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 412 of the Plaintiff's Complaint as if fully set forth herein.

414-426. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN, file no answer to Count 7, Paragraphs 414 through 426 of Plaintiff's Complaint as, upon belief, Count 7 is not directed toward said Defendants and no allegations are made against said Defendants, and therefore no answer is required.  To the extent said allegations sound in negligence against MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN, Defendants deny.

## COUNT 8 – CIVIL RACKETEERING (RICO) CLAIM
### (All Defendants)

427.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 426 of the Plaintiff's Complaint as if fully set forth herein.

428.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 428 of the Plaintiffs' Amended Complaint.

429.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 429 of the Plaintiffs' Amended Complaint.

430.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 430 of the Plaintiffs' Amended Complaint.

431.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 431 of the Plaintiffs' Amended Complaint.

432.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 432 of the Plaintiffs' Amended Complaint.

433.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 433 of the Plaintiffs' Amended Complaint.

434.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 434 of the Plaintiffs' Amended Complaint.

435.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 435 of the Plaintiffs' Amended Complaint.

436.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 436 of the Plaintiffs' Amended Complaint.

437. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 437 of the Plaintiffs' Amended Complaint.

438. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 438 of the Plaintiffs' Amended Complaint.

439. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 439 of the Plaintiffs' Amended Complaint.

440. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 440 of the Plaintiffs' Amended Complaint.

441. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 441 of the Plaintiffs' Amended Complaint.

442. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 442 of the Plaintiffs' Amended Complaint.

443. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 443 of the Plaintiffs' Amended Complaint.

444. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 444 of the Plaintiffs' Amended Complaint.

445. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 445 of the Plaintiffs' Amended Complaint.

446. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 446 of the Plaintiffs' Amended Complaint.

447. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 447 of the Plaintiffs' Amended Complaint.

448. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 448 of the Plaintiffs' Amended Complaint.

449. The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 449 of the Plaintiffs' Amended Complaint.

## COUNT 9 – BREACH OF CONTRACT AND BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

450.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN repeat and reaffirm their answers to Paragraphs 1 through 449 of the Plaintiff's Complaint as if fully set forth herein.

451.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 451 of the Plaintiffs' Amended Complaint.

452.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 452 of the Plaintiffs' Amended Complaint.

453.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 453 of the Plaintiffs' Amended Complaint.

454.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN state that the Court will determine what the law is and therefore no answer is required as to the allegations contained in Paragraph 454 of the Plaintiffs' Amended Complaint.

455.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 455 of the Plaintiffs' Amended Complaint.

456.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 456 of the Plaintiffs' Amended Complaint.

457.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 457 of the Plaintiffs' Amended Complaint.

458.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 458 of the Plaintiffs' Amended Complaint.

459.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 459 of the Plaintiffs' Amended Complaint.

460.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 460 of the Plaintiffs' Amended Complaint.

## V.   CONCLUSION

461.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 461 of the Plaintiffs' Amended Complaint.

462.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 462 of the Plaintiffs' Amended Complaint.

463.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN admit that the Plaintiff Natalie Anderson provided Mapfre with a 93A demand letter, but denies the remaining allegations contained in Paragraph 463 of the Plaintiffs' Amended Complaint.

464.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 464 of the Plaintiffs' Amended Complaint.

465.   The Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG, AND DANIEL OLOHAN deny the allegations contained in Paragraph 465 of the Plaintiffs' Amended Complaint.

<u>FIRST DEFENSE</u>

And further answering, the Defendants say that the Plaintiffs' Amended Complaint fails to set forth facts constituting a cause of action, and therefore the Plaintiffs cannot recover.

<u>SECOND DEFENSE</u>

And further answering, the Defendants say that the Plaintiffs' own negligence caused or contributed to the incident and damages alleged, and therefore the Plaintiffs cannot recover.

<u>THIRD DEFENSE</u>

And further answering, the Defendants say that the Plaintiffs were more than 50 percent negligent in causing or contributing to the incident and damages alleged, and therefore the Plaintiffs either cannot recover or any verdict or finding in the Plaintiffs' favor must be reduced by the percentage of negligence attributed to the said Plaintiffs.

<u>FOURTH DEFENSE</u>

And further answering, the Defendants say that the Plaintiffs were in violation of the law at the time and place of the alleged incident, which violation of the law caused or contributed to the happening of said incident, and therefore the Plaintiffs cannot recover.

<u>FIFTH DEFENSE</u>

And further answering, the Defendants say that the Plaintiffs' alleged damages, if any, were caused by persons other than the Defendants, their agents, servants or employees, and the Plaintiffs' alleged damages, if any, were caused by persons for whose conduct the Defendants are not responsible, and therefore the Plaintiffs cannot recover.

<u>SIXTH DEFENSE</u>

And further answering, the Defendants say that the Plaintiffs have not brought their action within the time required by Massachusetts Law regarding limitations of actions and therefore the Plaintiffs cannot recover.

## SEVENTH DEFENSE

And further answering, the Defendants say that the Plaintiffs have not served the Defendants with the Summonses and Complaint within the time period required by the Court after the expiration of the statute of limitations, and therefore the Plaintiffs cannot recover and the Complaint should be dismissed.

## EIGHTH DEFENSE

And further answering, the Defendants say that the Plaintiffs have failed to serve the Defendants within the time required by Mass. R. Civ. P. 4(j) and therefore the Plaintiffs' Amended Complaint should be dismissed.

## NINTH DEFENSE

And further answering, the Defendants say that the Plaintiffs' Amended Complaint is subject to dismissal because of insufficiency of process and insufficiency of service of process pursuant to M.R.C.P. 12 (b)(4) and 12(b)(5).

## TENTH DEFENSE

And further answering, the Defendants say that whatever moneys were owed to the Plaintiffs have been paid, and therefore, the Defendants owe the Plaintiffs nothing.

## ELEVENTH DEFENSE

And further answering, the Defendants say that the Plaintiffs never gave the said Defendant, MAPFRE INSURANCE COMPANY, proper notice under Chapter 93A, and therefore the Plaintiffs cannot recover under said Chapter.

## TWELFTH DEFENSE

And further answering, the Defendants say that at all times, the conduct of MAPFRE INSURANCE COMPANY, has been reasonable in this matter and that its conduct was not in any way unfair or deceptive, and therefore the Plaintiffs cannot recover under Chapter 93A.

## THIRTEENTH DEFENSE

And further answering, the Defendants say that any damages claimed by the Plaintiffs under Massachusetts General Laws, Chapters 93A and/or 176D, were not causally related to any conduct by the said Defendant, MAPFRE INSURANCE COMPANY, which was an unfair act under said statutes, and therefore the Plaintiffs cannot recover.

## FOURTEENTH DEFENSE

And further answering, the Defendants say that any damages claimed by the Plaintiffs under Massachusetts General Laws, Chapters 93A or 176D, were not a foreseeable result of any conduct on the part of the said Defendant, MAPFRE INSURANCE COMPANY, and therefore the Plaintiffs cannot recover under said Chapters.

FIFTEENTH DEFENSE

And further answering, the Defendants say that Plaintiffs' reasonably expected damage recovery does not exceed $75,000.00 and therefore the Plaintiffs' Amended Complaint should be dismissed.

SIXTEENTH DEFENSE

And further answering, the Defendants state that there was no concerted action between the Defendants and the Co-Defendant, Todisco Services, Inc., and therefore, the Plaintiffs' Amended Complaint should be dismissed.

SEVENTEENTH DEFENSE

And further answering, the Defendants hereby give notice that they intend to assert such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserve the right to amend their Answer to the Amended Complaint and to assert any such defenses by appropriate motion and/or during trial.

WHEREFORE, the Defendants, MAPFRE INSURANCE COMPANY, STEPHANIE WOJDAG and DANIEL OLOHAN, demand judgment against the Plaintiff and further demand that this action be dismissed.

AND FURTHER, the Defendants claim a trial by jury on all the issues so triable.

Defendants
MAPFRE INSURANCE COPMPANY
STEPHANIE WOJDAG
DANIEL OLOHAN
By Their Attorney

/s/ Brian F. Welsh
Brian F. Welsh, Esquire
BWelsh@frpb.com
FULLER, ROSENBERG,
 PALMER & BELIVEAU
6 Park Avenue
Worcester, MA 01605
(508) 751-5121
Dated: 7/18/2023                                    BBO #565163

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

Counsel for Defendants in the above-referenced action, MAPFRE INSURANCE

COMPANY, STEPHANIE WOJDAG and DANIEL OLOHAN hereby certifies that he has

conferred with pro-se Plaintiffs in good faith to resolve or narrow the issues presented in this

motion.

## CERTIFICATE OF SERVICE

I, Brian W. Welsh, attorney for the above-named Defendants, certify that this document filed through the ECF system will be served electronically to the registered participants as identified on the Notice of Electronic Filing [NEF] and paper copies will also be served via e-mail and first-class U.S. Mail to the registered and non-registered participants on this date as follows:

Natalie Anderson
679 Washington Street, #8-206
Attleboro, MA 02703
Liberty_6@msn.com

Andre Bisasor
679 Washington Street, #8-206
Attleboro, MA 02703
Quickquantum@aol.com

Michaela C. May, Esquire
Bennett & Belfort, P.C.
24 Thorndike Street, Ste 300
Cambridge, MA 02141
mmay@bennettandbelfort.com

/s/ Brian F. Welsh
Brian F. Welsh, Esquire

Dated: 7/18/2023