UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| NATALIE ANDERSON and<br>ANDRE BISASOR,<br><br>    Plaintiffs,<br><br>v.<br><br>TODISCO SERVICES, INC., PASQUALE TODISCO, III, MATTHEW MAZZARELLA, DON "DOE," BILLY "DOE," MAPFRE INSURANCE CO., STEPHANIE WOJDAG, DANIEL OLOHAN, ACADIA INSURANCE GROUP, BENNETT & BELFORT, and JITEN MANAGEMENT,<br><br>    Defendants. | C. A. No. 1:23-cv-11567 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
PASQUALE TODISCO III'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO STRIKE THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(f)**

Defendant Pasquale Todisco, III ("Mr. Todisco") moves to dismiss all claims against him or, in the alternative, to strike the 465-paragraph, 68-page Amended Complaint pursuant to Fed. R. Civ. P. 12(f). As set forth herein, all claims against Mr. Todisco should be dismissed because Plaintiffs Natalie Anderson and Andre Bisasor (together, "Plaintiffs") have failed to aver sufficient facts to support individual liability against Mr. Todisco. Rather, the sum of their allegations is that Mr. Todisco was contacted about their concerns and that he did not respond, which is far short of sufficient facts to support liability against Mr. Todisco. Further, Plaintiffs' failure to serve the complaint for more than 15 months also requires dismissal. Alternatively, or in addition, the Court should strike the Amended Complaint because the allegations therein are so "argumentative, prolix, redundant, and verbose" that they are prejudicial to Defendants. *See*

*McCoy v. Providence Journal Co.*, 190 F.2d 760, 766 (1st Cir. 1951); *Barth v. United States*, No. 2:18-cv-00201-JAW, 2018 U.S. Dist. LEXIS 188660, at *5-7 (D. Me. Nov. 5, 2018), *aff'd* 2020 U.S. App. LEXIS 31902, 2020 WL 5904427 (1st Cir. May 5, 2020).

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Briefly stated, this action arises from the February 22, 2019, towing of and alleged damage to Plaintiffs' passenger vehicle. *See generally* D.E. 1-1, Amended Complaint ("Compl."). The history of this case is complex for its subject matter and includes litigation in at least three Massachusetts Courts: the Bristol Superior Court, the Attleboro Small Claims Courts, and most recently, the Attleboro District Court. *See* Exhibits A-C, Dockets. Plaintiff Natalie Anderson, a.k.a. Natalie Andersen, ("Ms. Anderson") filed suit in the Bristol Superior Court on February 22, 2022. *See* Exhibit D, Complaint (as originally filed). The Superior Court transferred the matter to the Attleboro District Court June 27, 2022. Exhibits A, B. A year passed, and on or about June 27, 2023, Ms. Anderson filed an amended complaint in Attleboro District Court, which without limitation, added Andre Bisasor ("Mr. Bisasor") as a plaintiff. *See* Exhibit D, Complaint (as originally filed). Plaintiffs served Mr. Todisco on June 28, 2023, more than 14 months after suit was filed and approximately one year after the matter was transferred to the Attleboro District Court. Exhibit E, Return of Service. Mr. Todisco removed this action to this Court on or about July 12, 2023. On July 14, 2023, Mr. Todisco filed a motion to enlarge his deadline to file a responsive pleading. *See* D.E. 6. Having not received an order thereon, and out of an abundance of caution, Mr. Todisco now moves to dismiss the claims against him or, in the alternative, to strike Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(f).

## LEGAL ARGUMENT

I. **This Court should dismiss the claims against Mr. Todisco.**

    A. **Claims against Mr. Todisco should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiffs have failed to aver sufficient facts to find him individually liable.**

A Rule 12(b)(6) motion to dismiss "is a threshold challenge by one party to the adequacy of one or more claims set forth in another party's complaint." *Eggert v. Merrimac Paper Co., Inc. Leveraged Employee Stock Ownership Plan and Trust*, 311 F. Supp.2d 245, 247 (D. Mass., 2004) (citations omitted). In considering the motion, the Court must "tak[e] the allegations in the complaint as true and mak[e] all reasonable inferences in favor of plaintiff." *Doran v. Mass. Turnpike Auth.*, 348 F.3d 315, 318 (1st Cir. 2003) (citation omitted). "Despite this highly deferential reading given a litigant's complaint under Rule 12(b)(6), however, the Court 'need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation.'" *Geraigery v. Cambridge Sch. Dep't*, No. CV 06-10410-NMG, 2006 WL 8458429, at *2 (D. Mass. Dec. 18, 2006), *quoting Sheridan v. Int'l. Broth. Electrical Workers*, 940 F. Supp. 368, 372 (D. Mass. 1996); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal *Morales-Cruz v. Univ. of Puerto Rico*, 676 F.3d 220, 224 (1st Cir. 2012).

Where, as here, "the plaintiff is proceeding pro se, the court must construe his allegations liberally." *Rick v. Profit Mgmt. Assocs., Inc.*, No. CV 15-11171-JGD, 2018 WL 1783797, at *2 (D. Mass. Apr. 13, 2018). Even when afforded such liberal construction, however, Plaintiffs' claims fail as to Mr. Todisco. The Amended Complaint says almost nothing about Mr. Todisco himself, but instead focuses almost entirely on the alleged actions and omissions of his corporate

co-Defendant, Todisco Services, Inc. Delving through the 465-paragraph Amended Complaint, Mr. Todisco appears to be mentioned in just four paragraphs, aside from the introductory language identifying the parties. *See* Compl. at ¶¶ 4, 69, 76, 278, 302. Plaintiffs' sole allegation of fact concerning Mr. Todisco is their claim that Mr. Todisco is "the owner" of Defendant Todisco Services, Inc. ("Todisco Services"), and that an unidentified person or persons "escalated the matter" to Mr. Todisco and that Mr. Todisco "has not responded in kind". *See id.* at ¶¶ 4, 69, 278. Plaintiffs do not plead that Mr. Todisco himself had any legal duty to respond, and no law supports such a mandate. Plaintiffs later allege that Mr. Todisco and two alleged employees of Todisco Services (also defendants) "have contrived a scheme to defraud me, and the public, by engaging in a pattern of illegal conduct and racketeering activity." *Id.* at ¶¶ 76, 302. Such "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to overcome a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Where Plaintiffs do not allege any unlawful conduct by Mr. Todisco himself, their claims against him must fail.

If it is Plaintiffs' intent to hold Mr. Todisco liable for actions or omissions of Defendant Todisco Services by piercing the corporate veil, *see* Compl. at ¶ 4, the Amended Complaint also falls far short of making sufficient allegations to support such a drastic step. "[P]iercing of the corporate veil is an equitable remedy whereby a court disregards the existence of the corporation to make the corporation's individual principals and their personal assets liable for the debts of the corporation." *Rick, supra*, at *3 (D. Mass. Apr. 13, 2018), *quoting In re Blatstein*, 192 F.3d 88, 100 (3d Cir. 1999). "The corporate veil is pierced only when 'the corporation was an artifice and a sham to execute illegitimate purposes and an abuse of the corporate fiction and immunity that it carries.'" *Rick*, *supra*, at *3, *quoting Kaplan v. First Options of Chicago, Inc.*, 19 F.3d

4

1503, 1521 (3d Cir. 1994). "Under this 'alter ego' theory of liability, [the plaintiff] "must show that the corporation's owners abused the legal separation of a corporation from its owners and used the corporation for illegitimate purposes." *Rick, supra*, at *3, *citing Kaplan*, 19 F.3d at 1521. "Factors to be considered include 'whether the corporation is grossly undercapitalized for its purposes[,]' and whether there is a 'failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a façade for the operations of the dominant stockholder or stockholders.'" *Rick, supra,* at 3, *quoting United States v. Pisani*, 646 F.2d 83, 88 (3d Cir. 1981) (citation omitted). No facts supporting piercing the corporate veil to hold Mr. Todisco liable for the acts or omissions of Todisco Services are averred in the complaint. As such, Plaintiffs' claims against Mr. Todisco cannot survive a Rule 12(b)(6) challenge and must be dismissed.

### B. Claims against Mr. Todisco should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) because Plaintiffs failed to serve the complaint on Mr. Todisco in a timely manner.

When a defendant challenges "the sufficiency of process . . . under Rule 12(b)(5)," the plaintiff "bears the burden of proving proper service." *Luxottica Group, S.p.A. v. Young Kil Lee*, 552 F. Supp. 3d 98, 101 (D. Mass. 2021), *quoting Cichoki v. Mass. Bay Cmty. Coll.*, 174 F. Supp. 3d 572, 575 (D. Mass. 2016). Where, as here, the sufficiency of service prior to removal to state court is at issue, state law governs. *CCP Int'l Shipping v. Bankers Ins. Co.*, No. 18-cv-12626-ADB, 2019 U.S. Dist. LEXIS 66345, at *4 (D. Mass. Apr. 18, 2019). Thus, to withstand this Rule 12(b) motion, Plaintiffs must prove that they served Mr. Todisco in a timely manner and in accordance with Massachusetts law.

>Massachusetts Rule of Civil Procedure 4(j) states:
>
>If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Mass. R. Civ. P. 4(j). This rule "was meant to be strictly construed." *Kennedy v. Beth Israel Deaconess Med. Ctr., Inc.,* 73 Mass. App. Ct. 459, 468 (2009). "The focus of the court's inquiry as to good cause is the reasonableness and diligence of counsel's effort to effect service within the time required." *Id.* "Where a party files a motion to enlarge the time in which to complete service before the 90-day period expires, courts are called upon to exercise discretion." *CCP Int'l Shipping, supra,* at * 5-6. Here, Mr. Todisco was not served until June 28, 2023—approximately 16 months after this action was filed in the Superior Court—and there is no indication on the Superior Court docket that Ms. Anderson (then the lone plaintiff) moved within the 90-day service period to enlarge the deadline for service of process before its expiration. Exhibits A, E.

Having failed to timely move to enlarge the 90-day service deadline, Plaintiffs must meet the "more exacting" "good cause" standard. *CCP Int'l Shipping, supra,* at *6. That standard "is ordinarily met only where the failure to make service is 'due to causes over which the moving party had no direct control,' for example where a defendant evades service . . . ." *Id.* (internal citations omitted). Plaintiffs cannot prove that Mr. Todisco evaded service, and indeed he did not. Mr. Todisco was served by leaving a copy of the complaint and related materials at last and usual abode, i.e. his home in Middleton, Mass. Exhibit E. That address has been a public record, easily accessible on the Internet, since 2019, when Mr. Todisco purchased his home. Exhibit F, Screenshot of Deed (recorded 9/30/2019). Plaintiffs cannot meet their burden to show that their 16-month delay in effecting service on Mr. Todisco was outside of their control.

This Court should not "minimize the prejudice following from the passage of time in this case." *See Kennedy*, 73 Mass. App. Ct. at 468. Here, the statute of limitations for all claims sounding in tort (three years) or under Chapter 93A (four years)[1] had passed between four and 16 months before service was made on Mr. Todisco, with no effort to show good cause for that delay. Rule 4(j)'s "entire focus was to force plaintiff's (more realistically their lawyers') diligence in order to preserve causes of action against limitations problems." *Kennedy*, 73 Mass. App. at 468 (citation omitted). Balancing the interests of the parties, dismissing Plaintiffs' claims against Mr. Todisco for untimely service is "consistent with the interests of finality, an interest that is improperly ignored or lost if a party is permitted to reactivate a lawsuit for inadequate cause." In short, Plaintiffs' failure to timely serve Mr. Todisco (for more than a year) is fatal to their claims against him, and therefore dismissal under Rule 12(b)(5) is appropriate.

## II.  Alternatively, or in addition, this Court should strike the Amended Complaint pursuant to Fed. R. Civ. P. 12(f).

Additionally, or in the alternative, Mr. Todisco asks the Court to strike the excessively long, repetitive Amended Complaint because it is rife with cumbersome, redundant, immaterial statements; legal citation; unnecessary, argumentative exhibits; and unadorned, repeated legal conclusions, which, taken as a whole, make responding to the 465-paragraph complaint unduly, and indeed deeply, burdensome for Defendants.  A pleading should contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in which each allegation is "simple, concise, and direct." Fed. R. Civ. P. 8. "A court has considerable discretion in striking 'any redundant, immaterial, impertinent or scandalous matter.'" *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988), *quoting* Fed. R. Civ. P. 12(f). The Court may do so *sua sponte* or in response to a party's motion. Fed. R. Civ. P. 12(f). The Amended Complaint

---

[1] *See* G.L. c. 260, §§ 2A, 5A.

7

certainly fails to meet the requirement of Rule 8(a). Rather, the pleading is a metaphorical thicket, consisting of 68 pages, inclusive of 35 pages and 465 paragraphs of single-spaced text (with lengthy emails quoted therein) that reference 10 separate defendants (including the law firm representing Mr. Todisco and Todisco Services), and 33 pages of exhibits. Given that this action arises from the towing of and alleged damage to Plaintiffs' passenger vehicle, the Complaint is excessively long by any standard. More critically, the length of the complaint and the unnecessary verbiage and argument within it are prejudicial the Defendants, who must serve a responsive pleading, whether by answer or motion to dismiss.

While striking a complaint is a "disfavored" step, this course of action is appropriate where, as here, the allegations are "argumentative, prolix, redundant, and verbose." *See McCoy v. Providence Journal Co.*, 190 F.2d 760, 766 (1st Cir. 1951); *see Martin v. Hunt*, 28 F.R.D. 35, 36 (D. Mass. 1961) (striking long, "rambling" and "argumentative" complaint that "… is the complete antithesis of the type of complaint contemplated by Rule 8(a)(2)"); *Barth v. United States*, No. 2:18-cv-00201-JAW, 2018 U.S. Dist. LEXIS 188660, at *7 (D. Me. Nov. 5, 2018).

The Amended Complaint also engages in *ad hominem* attacks and in conspiracy theories with no factual support. This, too, supports striking the complaint. *Alvarado-Morales*, 843 F.2d at 618 (statements in the complaint that amounted to "superfluous descriptions and not substantive elements of the cause of action . . . have no place in pleadings before the court."); *Collura v. City of Philadelphia*, 590 F. App'x 180, 185 (3d Cir. 2014) (court did not abuse its discretion in dismissing complaint "replete with abusive language and ad hominem attacks").

Here, "the presence of the surplusage will prejudice" defendants, who will be constrained absent a granting of this motion, will be obliged to respond to 465 paragraphs, many of which are quite long. *See Barth, supra*, at *6. This level of pleading is grossly disproportionate to the

harm Plaintiffs allege in their complaint. Striking the Amended Complaint in this instance will "'save time and expense' by clearing away pleadings 'which will not have any possible bearing on the outcome of the litigation.'" *See FTC v. Hope Now Modifications*, LLC, No. 09-1204 (JBS/JS), 2011 U.S. Dist. LEXIS 24657, at *4 (D.N.J. Mar. 10, 2011). In light of the foregoing, the Amended Complaint should be stricken.

WHEREFORE, Defendant Pasquale Todisco III respectfully moves to dismiss the claims against him in their entirety, and additionally, or in the alternative, to strike the Amended Complaint.

                                                  Respectfully Submitted,
                                                  Pasquale Todisco, III, Defendant,
                                                  By His Attorneys,

Dated: July 25, 2023                    */s/ Michaela C. May*
                                                  Todd J. Bennett (BBO# 643185)
                                                  tbennett@bennettandbelfort.com
                                                  Michaela C. May (BBO# 676834)
                                                  mmay@bennettandbelfort.com
                                                  Bennett & Belfort, P.C.
                                                  24 Thorndike Street, Suite 300
                                                  Cambridge, MA 02141
                                                  (617) 577-8800

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

I certify that I attempted to confer with the Plaintiffs in an effort to resolve or narrow the issues addressed herein, to wit, in email correspondence on or about July 25, 2023, but that such efforts were unsuccessful.

                                         */s/ Michaela C. May*
                                         Michaela C. May

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be served electronically to the registered participants as identified on the Notice of Electronic Filing [NEF] and paper copies will also be served via e-mail and first-class U.S. Mail to the registered and non-registered participants on this date as follows:

Natalie Anderson
Andre Bisasor
697 Washington Street, Suite 8-206
Attleboro, MA 02703
Liberty_6@msn.com
Quickquantum@aol.com

                                         */s/ Michaela C. May*